[Civ. No. 43059. Second Dist., Div. Four. Dec. 18, 1973.]

FREDERICK FELL, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PAUL P. PARKER, Real Party in Interest.

**COUNSEL**

Nelson, Kirshman, Goldstein, Gentile & Rexon and Brian L. Rexon for Petitioner.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Respondent.

Thomas J. Jeffers, Jr., for Real Party in Interest.

**OPINION**

**KINGSLEY, J.**—This is a petition, pursuant to section 418.10 of the Code of Civil Procedure, to review an order of the trial court denying a motion by a foreign corporation to quash service of summons on it. We issued an alternative writ of mandate, the matter has been briefed and argued. We grant the peremptory writ.

In 1958 the real party in interest (hereinafter "plaintiff"), a resident of California, entered into a contract with petitioner, a New York corporation, under which petitioner agreed to publish a book written by plaintiff and to pay him certain royalties. Plaintiff now claims that he has validly terminated that contract according to its terms and that he is entitled to an accounting. He filed an action, seeking both declaratory relief and such an accounting in respondent court, naming as defendants petitioner and its president. The president (Frederick Fell) was personally served in California by summons and complaint, has appeared in the action, and no issue as to jurisdiction over him is before this court. Petitioner corporation purportedly was served by the service on its president, in California, with summons and complaint. That service was duly attacked by the motion in respondent court; the motion was denied; the present proceeding followed. We conclude that, on the showing made in the trial court, California

had no jurisdiction over petitioner and that its motion to quash service should have been granted.

As far as the record discloses,[1] the only material[2] California contacts herein involved are the residence of the plaintiff, the presence of petitioner's president at a book dealer's convention in Los Angeles, California, at the time he was served, and a listing in a trade publication indicating that petitioner had had a branch office in Los Angeles in 1966.

The record is inconclusive as to the place of contracting. The verified complaint alleges (in paragraph II) that the contract was entered into in California, but the contract, which it incorporates by reference, recites that it was entered into in New York; the affidavit of petitioner's president alleges that the contract was "executed on defendant's behalf" in New York City. At oral argument, counsel for plaintiff stated that he had no knowledge of the place of final execution. ▮▮▮ Under the circumstances, we treat the case as involving a contract in New York.[3] (See Evid. Code, § 622.)

According to the undisputed declaration of petitioner's president the original contact between the parties was made when plaintiff solicited petitioner at its New York office; all negotiations were conducted in New York.

In 1966 a trade journal admittedly carried a listing showing a branch office of petitioner in Los Angeles. Mr. Fell's declaration denied ever having authorized that listing or having known of it until the present litigation. That allegation is undisputed.[4] It is uncontradicted that subsequent editions of that publication did not carry the Los Angeles listing.

---

[1]At oral argument, both counsel stated purported facts which are outside the record made in the trial court. We can consider those statements only insofar as they admit, rather than assert, material data.

[2]The declarations filed on behalf of plaintiff, both executed by his counsel, consist of conclusionary statements without specific facts; they are of little help either to respondent court or to us.

The declarations on behalf of petitioner admit that petitioner has received some mail orders from California for some of its publications and that those orders were accepted, filled and invoiced in New York. It does not appear that any of such orders involved plaintiff's book. It is not contended that those transactions support the service here.

[3]The burden is on plaintiff to show that petitioner has sufficient contacts with California to support service on it. (*Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610, 621 [81 Cal.Rptr. 320].)

[4]Plaintiff argues that the fact that the trade publication was edited and published in New York supports an inference that petitioner knew of and authorized the entry. The argument is patently fallacious.

In 1973, after the filing of the complaint herein involved, Mr. Fell came to Los Angeles to attend the convention above mentioned. Petitioner maintained a booth at that convention and Mr. Fell was in charge of that booth. His purpose in so acting was to exhibit the line of books published by petitioner to the book trade. Whether or not he actually consummated any sales as a result of his exhibit, either across the counter or at some later date, is not clear.[5]

■ Given the picture above outlined, we conclude that the motion to quash was erroneously denied. The single instance of an unauthorized listing, eight years after the contract was executed and six years before suit, is not enough to show a course of "doing business" in California. We cannot regard the single appearance at a national convention as meeting the constitutional requirement of due process. We know of no authority that would subject a corporation doing a national business to suit in every state of the union at which it was represented at annual conventions or similar meetings. Unless the litigation has more relation to California than those relationships herein shown, the foreign corporation cannot be compelled to litigate here.

The alternative writ is discharged; let a peremptory writ issue directing the superior court to vacate its order denying petitioner's motion to quash service on it and to enter a new order granting such motion.

Files, P. J., and Dunn, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 14, 1974.

---

[5]Attorney Jeffers' declaration states only that, at the time Mr. Fell was served, he was "selling books"; but that conclusionary statement is not supported by any statement as to the acts of Mr. Fell which Mr. Jeffers observed. Mr. Fell's declaration states that his attendance at the convention "was not for the purpose of making sales at that time, but to exhibit our book lists to the members of the publishing industry in general."

Obviously, Mr. Fell's presence and activities were part of an over-all process of advertising petitioner's publications and, in that sense, were at least the preliminaries of a sales effort. As we point out, we do not regard that generalized activity as supporting jurisdiction.